5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BLACKMON PRINCE, JR., Plaintiff-Appellant,
v.
SECRETARY OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Defendant-Appellee.
 No. 93-2063.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 ORDER AND JUDGMENT[1]
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant appeals from the district court's decision affirming the Secretary's denial of claimant's application for disability benefits. Considering the applicable five-step sequential analysis, see 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), the administrative law judge (ALJ) determined that, although claimant was unable to perform his past relevant work, he retained the residual functional capacity to perform sedentary work. The Appeals Council denied review, making the ALJ's determination the Secretary's final decision.
 
 
 3
 "This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Substantial evidence is such evidence "as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id.
 
 
 4
 Claimant first argues that the ALJ failed to give sufficient consideration to the opinion of Dr. Boone, one of claimant's treating physicians, that claimant was totally disabled. The opinion of a treating physician is entitled to substantial weight and may not be disregarded unless the ALJ sets forth specific, legitimate reasons for doing so. E.g., Sorenson v. Bowen, 888 F.2d 706, 711 (10th Cir.1989). In this case, the ALJ did set forth specific reasons for disregarding the treating physician's opinion, indicating that Dr. Boone's brief, conclusory statement was inconsistent with the doctor's own treatment records, as well as other evidence contained in the record. These reasons are supported by substantial evidence in the record and, therefore, provide a legitimate reason to disregard the treating physician's opinion that claimant is totally disabled.
 
 
 5
 Claimant next asserts that the ALJ did not properly consider his complaints of disabling pain and erred in applying the medical-vocational guidelines because his pain limited his ability to perform sedentary work. The ALJ applied the proper analysis to claimant's complaints of pain, see generally Luna v. Bowen, 834 F.2d 161, 163 (10th Cir.1987), and determined that claimant's assertions of disabling pain were not credible. This court defers to the ALJ's credibility determination. See, e.g., Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988). In light of this determination that claimant's pain did not affect his ability to perform sedentary work, the ALJ's application of the medical-vocational guidelines to determine that claimant was not disabled was not erroneous. See id. at 806.
 
 
 6
 Finally, claimant asserts that the ALJ's decision was not supported by substantial evidence. After careful review of the entire record, we conclude that substantial evidence in the record supported the ALJ's determination.
 
 
 7
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3